

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

08 FEB 29 AM 9: 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 0601

BY: _____ cr _____  DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Mag. Case Number: _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF |
| | ) | |
| v. | ) | Title 21, U.S.C., Sections 952 and 960 |
| | ) | Importation of a Controlled Substance |
| CASTILLO, Pedro M. | ) | |
| Defendant, | ) | |
| _____ | ) | |

The undersigned complaint being duly sworn states:

On or about February 28, 2008, within the Southern District of California, Pedro CASTILLO, did knowingly and intentionally import approximately 49.95 kilograms of marijuana, a schedule I narcotic into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_Pamela Herrington_
SIGNATURE OF COMPLAINANT
SPECIAL AGENT
U.S. IMMIGRATION & CUSTOMS
ENFORCEMENT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 29 DAY OF
_February 2008_.

_____
MAGISTRATE JUDGE



**Defendant:** Pedro Castillo

**Statement of Facts**

At approximately 7:15 a.m. on February 28, 2008, at the San Ysidro POE, CBP Officer A. Palmer was conducting inspections on primary lane # 15 when he encountered a white Ford 1997 Aerostar van bearing California license plate 3UUE064. In response to Officer Palmer's questions, the driver and sole occupant of the vehicle identified himself as Pedro CASTILLO by presenting a California Identification Card, a California birth certificate, and stating he was a U.S. citizen. Additionally, CASTILLO stated he had owned the van; he was not bringing anything back from Mexico, and had been staying in Mexico the past few months. Officer Palmer checked border-crossing records for the van and CASTILLO and noticed they did not cross regularly at the same time. Officer Palmer also observed the van was abnormally clean, without personal effects, and when Officer Palmer asked CASTILLO to turn the engine off, CASTILLO had difficulty removing the key from the ignition. Officer Palmer inspected the van and found the bench seat behind the driver to be thick and under closer inspection had packages inside the bottom seat cushions. Officer Palmer requested the assistance of CBP Canine Enforcement Officer D. O'Connor to screened the van. Officer O'Connor responded with his human and narcotics detector dog "Rexo". Officer O'Connor advised Officer Palmer that "Rexo" alerted to the odor of narcotics emanating from the van.

A search conducted in the secondary inspection area revealed twenty-seven (27) packages were concealed in the van with a net weight of approximately 49.95 kg. (110.39 lbs.). CBP Officer J. Ortiz probed one of the packages and it field-tested positive for marijuana.

On February 28, 2008, starting at approximately 9:35a.m., ICE Special Agent Pamela Herrington and San Diego Police Officer Jason Rocha conducted a video-recorded interview, in English, of the defendant. CASTILLO was Mirandized in the presence of said officers, waived his rights, and executed a written waiver that indicated that he agreed to answer questions without a lawyer present. During the interview, CASTILLO stated he had been out partying the night before his arrest until approximately 4:00a.m. (on the morning of his arrest) during which time he had been drinking alcohol and had used methamphetamine. CASTILLO was lucid, and when asked stated he understood what was occurring and was able to answer questions. He did not appear to be unusually nervous or fearful. The defendant request water and it was provided to him following the interview. No promises or threats were made to elicit his statement. No breaks were taken during the interview and it ended at approximately 10:30a.m.

During the interview, the defendant made the following statements:

CASTILLO stated his cousin, Victor Para, knowing that CASTILLO was unemployed and was having financial difficulties had repeatedly asked CASTILLO to transport

1

narcotics across the border from Mexico into the United States. According to CASTILLO, Para offered to pay him $1,400 USD to transport thirty (30) pounds of marijuana, however CASTILLO told him "no". CASTILLO stated yesterday (February 27, 2008) Para had borrowed his van in the afternoon and returned it that evening. CASTILLO stated that he, his girlfriend, and another friend went out and partied last night using the friend's car. CASTILLO stated he did not know that there was marijuana in the van when he attempted to cross the border today (Feruary28, 2008) and did not agree to transport the drugs into the United States.

A criminal history check of CASTILLO revealed he has been arrested and convicted on multiple occasions in the State of California for various offenses including in February 2000 for violation of California's Health and Safety Code 11359 Possession of Marijuana for Sale, a felony, for attempting to smuggle marijuana into the United States from Mexico at the Otay Mesa Port of Entry. Additionally, in December 2007, the Border Patrol apprehended CASTILLO attempting to lead three other undocumented person into the U.S. for which he was not prosecuted.

2